■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DOWNING, Appellant. [777 NYS2d 480]—

Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered October 18, 2002, convicting defendant, after a jury trial, of sodomy in the first degree, reckless endangerment in the second degree and two counts of operating a vehicle while under the influence of alcohol, and sentencing him to an aggregate term of five years, unanimously affirmed.

The failure of the prosecution to disclose to the defense the complainant's true name does not require reversal under *Brady v Maryland* (373 US 83 [1963]), since there was no reasonable possibility that the jury would have decided the issues of fact differently had defendant given them this information (*see People v Vilardi*, 76 NY2d 67, 77 [1990]). Defense counsel

extensively impeached complainant's credibility through other background factors, including her lengthy criminal record. Had the defense revealed that the name she gave at trial differed from the legal name she gave in connection with certain of her arrests, the impact of this discrepancy would not have changed the outcome under these circumstances (*see People v Sibadan*, 240 AD2d 30, 35 [1998], *lv denied* 92 NY2d 861 [1998]). For the same reason, the court properly denied defendant's motion to set aside the verdict, in which he alleged that the complainant's true name constituted newly discovered evidence (CPL 330.30 [3]).

Defendant's various hearsay claims are unpreserved (*see e.g. People v Gonzalez*, 55 NY2d 720 [1981]), and we decline to review them in the interest of justice. Were we to review them, we would find that even if some of the challenged statements by the complainant exceeded the scope of the prompt outcry and excited utterance exceptions, the error in admitting these declarations was harmless in light of the overwhelming proof of guilt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.