**Anthony DOWNING, Plaintiff–Appellant,**

**v.**

**Susan A. CONNELL, Defendant–Appellee.**

**No. 06–3636–pr.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2007.

Sally Wasserman, New York, NY, for Appellant.

Christopher J. Blira–Koessler, Assistant District Attorney, (Robert T. Johnson, District Attorney, Bronx County, on the brief, Peter D. Coddington and Joseph N. Ferdenzi, of counsel), District Attorney's Office, Bronx, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Anthony Downing appeals from the May 1, 2006 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.* ), denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Downing challenges his conviction on one count of Sodomy in the First Degree, which arose out of a January 27, 2001 incident in which Downing (a vice squad detective of the New York Police Department) paid one Safire Mells for oral sex, drove to a nearby parking lot, and spent the better part of an hour with her in the front seat of his car. The testimony of Downing and Mells diverges: Downing claimed that they fought over whether Mells had employed used condoms; Mells claimed that Downing hit her multiple times, tore off her necklace, and attempted to rape her. Two police officers on patrol spotted Mells leap—naked and screaming—from Downing's car. The police turned on their siren and Downing fled in his car until he crashed into a building.

After trial, the State revealed that the complainant's birth name was not Mells, and that she had used her birth name at her arrest for marijuana possession a month before Downing's trial. Downing argues that, in failing to turn over this evidence, the State violated his due process rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because he could have used that withheld fact to show that the complainant lied to the grand jury and petit jury when she testified that her name was Mells.

The trial court denied a motion to set aside the verdict on this basis. Downing again raised the issue on direct appeal; the Appellate Division affirmed his conviction. *People v. Downing,* 7 A.D.3d 462, 777 N.Y.S.2d 480 (1st Dep't 2004). The New York State Court of Appeals denied leave to appeal. *People v. Downing,* 3 N.Y.3d 673, 784 N.Y.S.2d 12, 817 N.E.2d 830 (2004). Downing then filed the present petition for habeas corpus.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, where a state court decision adjudicates a state prisoner's federal claim on the merits, we may issue the writ only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A "state court adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001) (internal punctuation omitted).

Here, the Appellate Division concluded that the State's failure to disclose Mells's birth name did not violate *Brady* because "there was no reasonable possibility that jury would have decided the issues of fact differently had defendant given them this information." *Downing,* 7 A.D.3d at 462, 777 N.Y.S.2d 480 (citing *People v. Vilardi,* 76 N.Y.2d 67, 77, 556 N.Y.S.2d 518, 555 N.E.2d 915 (1990)). The court reasoned that Downing's trial counsel

extensively impeached [Mells's] credibility through other background factors, in-

cluding her lengthy criminal record. Had the defense revealed that the name she gave at trial differed from the legal name she gave in connection with certain of her arrests, the impact of this discrepancy would not have changed the outcome under these circumstances.

*Id.* at 463, 777 N.Y.S.2d 480. We cannot conclude that this decision—an adjudication on the merits—"was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

The State should have disclosed Mells's birth name to the defense prior to trial. But that does not mean that the failure to do so was of constitutional dimension: "The disclosure obligations of *Brady* and *Giglio* apply only to impeaching or exculpatory information that is of sufficient importance to be deemed 'material.'" *United States v. Rodriguez,* 496 F.3d 221, 223 (2d Cir.2007). Thus, "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). "[W]here the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence, the undisclosed evidence may be cumulative, and hence not material." *United States v. Avellino,* 136 F.3d 249, 257 (2d Cir.1998).

The complainant's lies concerning her name were no more than cumulative. Mells had an extensive criminal record, which allowed the defense to test her credibility on the ground that she had little respect for the court or the rule of law.

At the time of trial, Mells had been convicted three times of loitering for the purpose of prostitution, each conviction leading to a sentence of community service, which she then failed to perform. She twice pled guilty to prostitution, but testified that on one of those occasions, she had done nothing wrong, and so she had lied to the court when she allocuted to that crime. She had also been convicted of criminal possession of marijuana, and at the age of 14, was arrested for shoplifting. And Mells admitted that she worked off-the-books as a cashier, knowing that it was a crime not to pay income taxes. All this evidence was before the jury.

Moreover, Mells's trial testimony was corroborated. Mells's necklace was recovered from the back seat of Downing's car; police officers testified that Mells ran naked toward their van on a snowy January night; and when the police turned on their siren, Downing fled the scene. Given these facts, we cannot find that the failure to disclose Mells's birth name "undermines confidence in the outcome of the trial." *Bagley,* 473 U.S. at 678, 105 S.Ct. 3375. Accordingly, the Appellate Division's decision was not unreasonable.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**