OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the contention of defendant that evidence subsequently admitted on trial cannot be used to support the determination of the suppression court denying his *722 motion to suppress his oral confession; the propriety of the denial must be judged on the evidence before the suppression court. We conclude, however, that there was sufficient evidence before the suppression court to sustain the factual determination that defendant was duly given his constitutional preinterrogation warnings. Officer Collins testified that he had read defendant his “rights” from a blank police department arrest report form, a copy of which he did not have with him at the suppression hearing. On cross-examination Officer Collins stated that the “rights” to which he was referring were “Miranda warnings”. In the absence of any proof whatsoever that such reading was or might have been deficient in some particular, the suppression court was warranted in drawing the inference that the constitutional preinterrogation warnings were adequately stated.
Defendant contends that testimony by Officer Collins — that the complainant failed to make any identification of defendant when he and she were conducting a surveillance and again when she viewed the first lineup on September 29 — was inadmissible hearsay and should not have been admitted in evidence. No timely protest sufficient to preserve the issue for appellate review was registered (cf. People v Liccione, 50 NY2d 850). As to the nonidentification at the surveillance, the only objection made, viewed most favorably to defendant, was that it was irrelevant; as to the failure of the complainant to make an identification at the first lineup, no objection was interposed.*
We have examined defendant’s other contentions and find them to be without merit.

 Contrary to the inference which may be drawn from the dissent, appellant does not now contend that evidence of either of these occasions of nonidentification should have been excluded on the ground that it was irrelevant, the ground expressly identified in counsel’s colloquies with the court. Quite the opposite. In addition to asserting that it should have been excluded as “inadmissible hearsay” (as to which no protest was registered), he now contends that its relevance and probative worth were such that it should have been excluded as impermissible “bolstering evidence of a prior identification” (again a ground which was not advanced in the trial court).