■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY CHAPLIN, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Jackson, J.), rendered March 31, 1988, which convicted defendant, after jury trial, of criminal possession of a weapon in the third degree and sentenced him as a second felony offender to an indeterminate term of 2 to 4 years in prison, unanimously affirmed.

Defendant was seen adjusting a weapon in the waistband of his trousers by two officers who were on routine patrol. When the officers exited their vehicle and called the defendant over, he fled. The officers arrested the defendant after a chase during which he discarded the weapon and his jacket. A suppression hearing was held on defendant's motion to suppress the gun and an incriminating statement made to police while in custody. The statement sought to be suppressed did not relate to the gun count but to the lesser count of criminal possession of a controlled substance in the seventh degree, which was never reached by the jury in light of its finding of guilt on the felony gun possession charge.

The interrogating officer testified that following defendant's arrest he read the *"Miranda* warnings" to defendant from a printed card before defendant made the incriminating statement. At the hearing, however, at which his *"Miranda* card" was not used, the officer in his recital omitted one of the warnings. The court credited the officer's testimony that he had read a complete set of the *"Miranda* warnings" from his card to defendant following the arrest. In the absence of any showing whatsoever, either in the motion papers seeking the hearing or at the hearing, that the officer's communication to the defendant of the various *"Miranda* warnings" at the time of arrest was or might have been deficient, there is no basis upon which to disturb the hearing court's finding that defendant was, in fact, fully apprised of those rights prior to making the incriminating statement. *(Cf., People v Gonzalez,* 55 NY2d 720, 722.)

We find no merit to appellant's arguments regarding the propriety of the People's summation which was responsive to the issues raised in defense counsel's summation. *(See, People v Morgan,* 66 NY2d 255, *cert denied* 476 US 1120; *People v Galloway,* 54 NY2d 396, 399.) Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.