■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. CHALLIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Bivona, J.), rendered January 22, 1990, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Pano Patsalos, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials and a blood test result.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The hearing court properly concluded that the defendant was not in police custody at the scene of the accident or at the hospital prior to his arrest. The record reveals that at the scene of the accident, a police officer requested that the defendant sit in the back of his patrol car for the defendant's safety. The officer neither handcuffed the defendant nor did he

even close the door of the patrol car. In fact, subsequent to being placed in the back of the patrol car, the defendant was seen wandering around outside the patrol car. Overall, it is clear that the police officer's conduct at the scene of the accident did not restrain the defendant's freedom of movement to the degree associated with a formal arrest *(see, People v Coates,* 157 AD2d 843). A reasonable person in the defendant's position and innocent of any crime would not have considered himself in custody at the time *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Bailey,* 140 AD2d 356, 358). Under the circumstances, the defendant's statements made at the scene were properly not suppressed. With regard to the defendant's statements made at the hospital, the record reveals that the questioning of the defendant by the police at the hospital was not a custodial interrogation *(see, People v Hennigan,* 135 AD2d 1082).

The defendant also contends that the results of his blood test should have been suppressed since the People failed to establish that he knowingly, intelligently and voluntarily waived his rights. We disagree. The record reveals that the defendant was coherent at the hospital and that he had only suffered a relatively small head injury. In fact, he was released from the hospital after only a few hours of observation and treatment. Furthermore, immediately prior to the taking of the blood sample, the defendant stated: "I just want to let you know that I am doing this totally voluntarily". As such, it is clear that the defendant knowingly, intelligently and voluntarily consented to the taking of the blood sample *(see, People v Osburn,* 155 AD2d 926).

Under the circumstances of this case, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Kooper, Harwood and Miller, JJ., concur.