■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DURAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 12, 1989, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant, the subject of a narcotics sting operation by the United States Department of Justice Drug Enforcement Administration (hereinafter the DEA), was arrested after he failed to deliver a kilogram of cocaine to DEA agents. He was subsequently indicted under New York law in connection with two earlier sales of smaller quantities of cocaine. Upon his arrest, the defendant made inculpatory statements to one of the DEA agents, admitting his participation in two sales of cocaine and indicating that he realized $50 therefrom. These statements were made in Spanish to a Spanish-speaking DEA agent. The defendant sought to have the agent's English translation of the substance of his statements suppressed on the ground that what the People sought to introduce was, at best, "a vague summary" of what the agent believed the defendant to have said and that there was also "some question of the translation both ways". On appeal, however, in urging this court to find that the hearing court erred in denying suppression of these statements, the defendant now argues that the People failed to adequately demonstrate at the hearing that the defendant had been properly advised of his constitutional rights and that he knowingly and voluntarily waived them prior to making his inculpatory statements. Because the defendant failed to raise this argument before the hearing court, we find that it is not properly before this court on appeal *(see, People v Tutt,* 38 NY2d 1011, 1012-1013; *see generally,* CPL 470.05 [2]).

In any event, based on our review of the testimony adduced at the hearing, we conclude that the hearing court correctly denied suppression *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Robinson,* 122 AD2d 173, 174).

The defendant's further contention that the evidence adduced by the People was legally insufficient to establish his guilt of criminal sale of a controlled substance in the second degree is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245), and, in any event, is without merit *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.