■ The People of the State of New York, Respondent, v Jose Haddock, Appellant. [611 NYS2d 149] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered September 16, 1992, convicting defendant, after a jury trial of criminal possession of stolen property in the third degree and sentencing him as a predicate felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant was stopped by police on routine patrol, after running two red lights. At first, he claimed that the car was his, but he failed to produce a license, registration, or insurance card. A radio transmission then alerted the officers that the car had been stolen in New Jersey the prior evening, and defendant was arrested for criminal possession of the stolen property.

Defendant's claim that it was error to admit evidence regarding the robbery during which the car was stolen since

he was not charged therewith is not preserved for appellate review as a matter of law *(see, People v Gonzalez,* 55 NY2d 720, 722, *cert denied* 456 US 1010), and we decline to review it in the interest of justice. If we were to review it, we would find that evidence of the knife-point robbery, during which the victim's keys were stolen, was probative of defendant's recent possession of the stolen car and explained why the car apparently had not been broken into, and that the potential for undue prejudice was outweighed by the probative value of such evidence. We note further that the owner of the car testified that he could not identify defendant as one of the robbers.

Defendant's challenges to the prosecutor's summation comments are not preserved for review as a matter of law *(People v Dien,* 77 NY2d 885), and we decline to review them in the interest of justice. Were we to review these challenges, we would find them to be without merit.

By failing to pursue a proceeding under CPL article 440, defendant has not presented us with an adequate record to review his claim of ineffective assistance of trial counsel *(People v Brown,* 45 NY2d 852, 853-854). On the state of the present record, we cannot conclude that defendant was denied meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

In view of defendant's extensive criminal record and the apparent failure of prior incarcerations to deter his theft-related criminal activity, we find no basis to disturb the sentence imposed by the court. Concur—Carro, J. P., Wallach, Rubin and Nardelli, JJ.