◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWANG YOUNG CHOUNG, Also Known as KWANG PARK, Appel-

lant. [645 NYS2d 84] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Buchter, J.), both rendered June 30, 1994, convicting him of robbery in the first degree (three counts), attempted robbery in the first degree, burglary in the second degree (three counts), criminal mischief in the fourth degree (three counts), aggravated harassment in the second degree, unlawful imprisonment in the second degree (four counts), and endangering the welfare of a child (two counts) under Indictment No. 5404/92, upon a jury verdict, and criminal possession of a weapon in the third degree under Indictment No. 5412/92, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing (Katz, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgments are affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in refusing to suppress his inculpatory statements. The hearing record amply supports the court's determination that the defendant voluntarily made the statements after acknowledging and waiving his rights (*see, People v Rose,* 204 AD2d 745), and we discern no basis for disturbing the court's rejection of the defendant's claim that the statements were the product of physical abuse (*see, People v Pacheco,* 168 AD2d 465). The defendant's additional claim of coercion was not advanced in the hearing court and therefore is not properly before us (*see, People v Tutt,* 38 NY2d 1011; *People v Duran,* 182 AD2d 828). In addition, the defendant may not rely upon the trial record in challenging the propriety of the hearing court's determination (*see, People v Dodt,* 61 NY2d 408; *People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010; *People v Hucks,* 175 AD2d 213).

The defendant further contends that he was denied a fair trial by certain remarks made by the prosecutor during summation. However, most of the challenged remarks have not been preserved for appellate review since the defendant either failed to object to them or failed to seek any further relief when his objections were sustained and curative instructions were given by the court (*see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Johnson,* 185 AD2d 247; *People v Kresberg,* 183 AD2d 786). Moreover, those remarks which have been preserved constituted fair comment on the trial evidence or appropriate responses to the defense summation (*see, People v Ventura,* 171 AD2d 553; *People v Stanley,* 163 AD2d 435; *People v Sykes,* 151 AD2d 523; *People v Boyajian,* 148 AD2d 740).

We have considered the defendant's remaining contention and find it to be without merit (*see, People v Miller,* 106 AD2d 787). O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.