■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYTHAN KENDRICK, Also Known as ERNEST KENDRICK, Appellant. [682 NYS2d 234] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered February 15, 1996, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Preliminarily, it is noted that the defendant relies on portions of the trial record in support of his contention that a lineup was unduly suggestive. An appellate court is "precluded from reviewing trial testimony in determining whether the hearing court acted properly" (*People v Hucks,* 175 AD2d 213, 214; *see also, People v Dodt,* 61 NY2d 408, 417; *People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010; *People v Kwang Young Choung,* 229 AD2d 448, 449). The propriety of the hearing court's ruling must be determined only in light of the evidence that was before that court (*see, People v Gonzalez, supra*). Since the defendant did not seek to reopen the hearing based on the trial testimony or move for a mistrial, the instant issue is not properly before this Court (*see, People v Gaston,* 239 AD2d 356; *People v Ore,* 157 AD2d 749; *People v Hucks, supra*). In any event, the claim is without merit.

The defendant's contention that the court's *Allen* charge (*see, Allen v United States,* 164 US 492) was impermissibly coercive is unpreserved for appellate review, as he neither requested a specific charge nor objected to the charge as given (*see,* CPL 470.05 [2]; *People v Marero,* 208 AD2d 769). In any event, the court's supplemental charge was neutral and not coercive. It was directed to all jurors in general and noted that no juror should abandon a firmly and conscientiously held belief to acquiesce in the opinion of the majority or to reach a certain result. The court, in essence, simply encouraged the jurors to fulfill their oaths by openly and carefully listening to each other's positions and deliberating with a view toward reaching an agreement. Thus, the charge as a whole was not improper (*see, People v Alvarez,* 86 NY2d 761, 763; *People v Fleury,* 177 AD2d 504).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.