■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL ANDUJAR, Appellant. [700 NYS2d 480] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered July 24, 1997, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the finding of the hearing court that there was probable cause for his arrest was supported by the record (see, People v Brenfield, 188 AD2d 477, 478-479; People v Sargeant, 174 AD2d 767; People v James, 146 AD2d 712). The defendant improperly relies upon portions of the trial testimony in support of his contention that his mother did not have the requisite degree of control over his bedroom area to validly consent to the police entering his bedroom, where incriminating physical evidence was discovered. An appellate court is " 'precluded from reviewing trial testimony in determining whether the hearing court acted properly' " (People v Kendrick, 256 AD2d 420; see, People v

*Kwang Young Choung,* 229 AD2d 448). The propriety of the ruling to deny suppression must be determined only in light of the evidence that was before the hearing court (*see, People v Gonzalez,* 55 NY2d 720, 721-722; *People v Kendrick, supra*). Since the defendant did not seek to reopen the hearing based upon the testimony adduced at trial, nor move for a mistrial, the issue is not properly before this Court (*see, People v Kendrick, supra; People v Gaston,* 239 AD2d 356). In any event, the claim is without merit since the defendant's mother clearly possessed the requisite authority to permit a search of the bedroom located within her apartment (*see, People v Kelley,* 220 AD2d 456; *People v Santornino,* 153 AD2d 595).

The hearing record demonstrates that the defendant knew and understood his rights, and that his will was not overcome at any time during questioning so as to render his statements involuntary (*see, People v Anderson,* 42 NY2d 35, 41). Therefore, the hearing court did not err in declining to suppress the defendant's statements to law enforcement officials.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. S. Miller, J. P., Santucci, Luciano and Feuerstein, JJ., concur.