■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK FEINSOD, Appellant. [717 NYS2d 330] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered April 5, 2000, convicting him of burglary in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant improperly relies on portions of the trial testimony to support his contention that the pretrial showup identification was unduly suggestive. "An appellate court is 'precluded from reviewing trial testimony to determine whether the hearing court acted properly' " (*People v Kendrick,* 256 AD2d 420). Such a determination must be based upon the evidence before the hearing court (*see, People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010). Since the defendant did not seek to reopen the hearing based on the trial testimony or move for a mistrial, this issue is unpreserved for appellate review (*see, People v Kendrick, supra*). In any event, the contention is without merit. The showup was conducted "in close spatial and temporal proximity to the offense and to the subsequent apprehension of the defendant" (*People v Sanchez,* 178 AD2d 567, 568; *see also, People v Bunker,* 259 AD2d 757). The People met their initial burden of establishing the reasonableness of the police conduct and lack of undue suggestiveness, and the defendant failed to show that the identification procedure was unduly suggestive (*see, People v Jackson,* 108 AD2d 757).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.