■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRENEUSZ KOCOWICZ, Appellant. [722 NYS2d 256] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 11, 1998, convicting him of assault in the first degree, criminal possession of a weapon in the fourth degree (three counts), and attempted assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Vaughan, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the finding of the hearing court that the police lawfully recovered a knife from his apartment is supported by the record (*see, People v Greenberg,* 187 AD2d 528). The defendant improperly relies upon trial testimony in support of his contention that the knife was recovered as a result of a warrantless search of his apartment which was made without consent. An appellate court is "precluded from reviewing trial testimony in determining whether the hearing court acted properly" (*People v Hucks,* 175 AD2d 213, 214; *see, People v Andujar,* 267 AD2d 467; *People v Kwang Young Choung,* 229 AD2d 448). The propriety of the ruling to deny suppression must be determined only in light of the evidence that was before the hearing court (*see, People v Gonzalez,* 55 NY2d 720, 721-722; *People v Kendrick,* 256 AD2d 420). The defendant's contention is without merit, since the hearing testimony demonstrated that the police searched the defendant's apartment following his arrest with the consent of his wife, who lived there (*see, People v Greenberg,* 187 AD2d 528, 529).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those

raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.