■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOLLY, Appellant. [722 NYS2d 583] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered November 5, 1998, convicting him of robbery in the second degree (four counts), criminal mischief in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court failed to properly instruct the jurors that they need not surrender their conscientiously-held beliefs when it gave a supplemental instruction after the jury returned a defective verdict. That contention is unpreserved for appellate review (see, People v Kendrick, 256 AD2d 420; People v Penafiel, 247 AD2d 411) and, in any event, is without merit. Following the jury's representation that it could not reach a unanimous verdict, the Supreme Court gave an Allen charge (see, Allen v United States, 164 US 492) which adequately emphasized to the jurors the importance of retaining their conscientiously-held beliefs while reaching a unanimous verdict. When the jury then returned with a defective verdict based on a majority vote, the

Supreme Court properly instructed the jury that, whether it found the defendant guilty or not guilty, the verdict had to be unanimous. It directed the jurors to resume their deliberations and render a verdict, if possible. The Supreme Court's *Allen* charge and supplemental instruction, read as a whole, conveyed the proper balance between the importance of reaching a verdict and not surrendering conscientiously-held beliefs (*see, People v Alvarez,* 86 NY2d 761, 763). The Supreme Court properly addressed the initial defective verdict without coercing the jurors to reach a particular verdict (*see,* CPL 310.80; *People v Kendrick, supra*; *People v Cortez,* 242 AD2d 338). Santucci, J. P., Altman, Florio and Luciano, JJ., concur.