**Otis GRANT, Petitioner–Appellant,**

v.

**David MILLER, Superintendent, Respondent–Appellee.**

No. 01–2576.

United States Court of Appeals, Second Circuit.

Feb. 3, 2004.

James K. Weeks, Fayetteville, N.Y., for Appellant.

Diane R. Eisner, Assistant District Attorney (Leonard Joblove, Assistant District Attorney, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, N.Y., for Appellee.

Present: KATZMANN, B.D. PARKER, Circuit Judges, and PRESKA,* District Judge.

### SUMMARY ORDER

Petitioner–Appellant Otis Grant appeals from the judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *District Judge*), denying his petition for a writ of

---

* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

habeas corpus. We review the district court's decision *de novo*. *See Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir.2002).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 104(3), 28 U.S.C. § 2254(d) (2000), requires us to defer to a state court's adjudication of the merits of a claim. Here, the Appellate Division denied on the merits Grant's claim, which now forms the basis of his habeas petition, that the trial court's admission of his post-arrest statement to rebut the testimony of Gina Edwards, a defense alibi witness, violated his Fifth Amendment rights. *See People v. Grant*, 256 A.D.2d 418, 682 N.Y.S.2d 232, 233 (N.Y.App.Div.1998) (stating that Grant's statement "was properly offered to counter the defense alibi witness's claim" and that Grant's "remaining contention is without merit."). Therefore, pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue with respect to this claim, "unless the adjudication of the claim ... (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

The statement at issue was made by Grant in response to custodial interrogation undertaken by Detective Michael Sanicola on May 13, 1995. At trial, Sanicola testified that before questioning Grant, he advised Grant "[i]n summary" as follows:

> I informed him he had the right to remain silent; that he did not have to answer any questions; he had a right to an attorney; if he could not afford an attorney one would be provided for him; and that if he decided to talk ... to me,

that he could stop at any time he wanted to.

On cross, defense counsel asked Sanicola seriatim whether he recited Grant's *Miranda* rights "from [his] head" or whether he used a "rights form." Sanicola replied that he did not recite the rights from memory but rather read them from "the back of [his] activity log memo book." In light of this testimony, it would not have been unreasonable for the Appellate Division to have concluded that Sanicola provided Grant with a complete *Miranda* warning, notwithstanding Sanicola's failure to mention on direct that he had advised Grant that anything Grant said could have been used against him in a court of law. *See United States v. Smith*, 778 F.2d 925, 930–31 (2d Cir.1985) (assuming that the requirements of *Miranda* were satisfied where agents testified that they read the defendant the "standard interrogator advice of rights form"); *People v. Gonzalez*, 55 N.Y.2d 720, 447 N.Y.S.2d 145, 431 N.E.2d 630, 630–31 (1981) (holding that the suppression court was warranted in concluding that the interrogating officer properly stated the constitutional preinterrogation warnings in light of the officer's testimony that he read the defendant his rights from a blank police department arrest report form). If the statement was not *Miranda* defective, then its admission to rebut Edwards' testimony did not implicate Grant's Fifth Amendment rights.

Accordingly, for the foregoing reasons, we hereby AFFIRM the judgment of the district court.