■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BOYKIN, Appellant. [787 NYS2d 662]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 7, 2003, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court's supplemental *Allen* charge (*see Allen v United States,* 164 US 492 [1896]) was coercive, imbalanced, and impermissibly shifted the burden of proof to him by requiring jurors to provide an explanation for their respective positions. However, considered as a whole, the

charge was not coercive and struck a fair balance between encouraging jurors to attempt to reach a unanimous verdict and not to abandon their conscientiously-held beliefs (*see People v Jolly,* 282 AD2d 474, 475 [2001]; *People v Davis,* 259 AD2d 627, 627-628 [1999]; *People v Kendrick,* 256 AD2d 420, 421 [1998]; *People v McGriff,* 254 AD2d 503, 504 [1998]; *cf. People v Aponte,* 2 NY3d 304 [2004]).

Further, the charge did not impermissibly shift the burden of proof to the defendant by requiring jurors to provide an explanation for their respective positions (*cf. People v Antommarchi,* 80 NY2d 247, 252-253 [1992]; *People v Henry,* 283 AD2d 587, 588 [2001]; *People v Diaz,* 245 AD2d 526, 527 [1997]). Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.