■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ALGARIN, Appellant. [790 NYS2d 476]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered August 13, 2002, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degrees, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor's improper summation comments require reversal is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Affser,* 309 AD2d 812, 813 [2003]; *People v Hunte,* 276 AD2d 717, 718 [2000]). In any event, while we agree that certain summation comments were improper (*see People v Foxworth,* 305 AD2d 424, 425 [2003]; *People v Benedetto,* 294 AD2d 958, 959 [2002]), the errors were harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Richardson,* 294 AD2d 379, 380 [2002]).

The defendant's contention, raised in his supplemental pro se brief, that his right to confront witnesses was violated because the trial court permitted the prosecutor to indirectly introduce the codefendant's statement during her cross-examination of the defendant is without merit. In *Crawford v Washington* (541 US 36 [2004]), the United States Supreme Court held that the admission of statements which are testimonial in nature violates the Confrontation Clause of the Sixth Amendment of the United States Constitution unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness (*id.,* 541 US at 50-54, 59). Here, the statement made by the codefendant was never admitted into evidence, nor was it indirectly introduced, as the prosecutor did not imply to the jury that her line of questioning was based on it. Accordingly, the defendant's right to confrontation was not violated. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.