■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAOUL SOUTH, Appellant. [849 NYS2d 603]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered June 24, 2002, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, inter alia, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant improperly relies upon portions of his trial testimony to support his challenge to the police witnesses' testimony on the issue of the voluntariness of his statements. Inasmuch as the defendant did not testify at the hearing, and a suppression determination must be based upon the evidence before the hearing court (*see People v Gonzalez,* 55 NY2d 720, 721-722 [1981], *cert denied* 456 US 1010 [1982]), this Court "is precluded from reviewing trial testimony in determining whether the hearing court acted properly" (*People v Kendrick,* 256 AD2d 420, 420 [1998] [internal quotation marks omitted]; *see People v Feinsod,* 278 AD2d 335, 336 [2000]). The defendant did not seek to reopen the hearing based on his trial testimony. Insofar as he relies upon that testimony in arguing that his statements were not voluntarily made, his contention is not properly before this Court (*see People v Kendrick,* 256 AD2d 420 [1998]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Jenneman,* 37 AD3d 736, 737 [2007]; *see People v Myers,* 17 AD3d 699 [2005]; *People v Davis,* 261 AD2d 411, 412 [1999]). The record supports the hearing court's decision to credit the testimony of the police witnesses, which established that the defendant was advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and voluntarily waived them prior to making the subject inculpatory statements (*see People v Blanchard,* 279 AD2d 808, 810 [2001]).

The defendant also contends that the testimony of one of the detectives indirectly referred to the codefendant's statements to the police, and therefore, violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution and constituted impermissible bolstering and hearsay. The defendant failed to preserve this contention on any of the three grounds asserted (*see People v Kello,* 96 NY2d 740, 744 [2001]; *People v West,* 56 NY2d 662, 663 [1982]). In any event, the content of those statements was never elicited (*see People v Algarin,* 15 AD3d 411, 412 [2005]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in permitting the medical examiner to testify as an expert regarding the trajectory of the bullet and the likely position of the victim when he was shot, since her testimony rested on facts in evidence and personally

known to and described by the doctor herself, as well as her extensive experience in forensic medicine (*see People v Jones,* 73 NY2d 427, 430 [1989]; *People v Shelton,* 307 AD2d 370, 371 [2003]; *People v Mohsin,* 302 AD2d 609, 610 [2003]; *People v Paun,* 269 AD2d 546 [2000]; *People v Brockenshire,* 245 AD2d 1065, 1065-1066 [1997]).

Additionally, the court providently exercised its discretion in denying the defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict based on a juror's affidavit regarding little more than the tenor of deliberations (*see People v Brown,* 48 NY2d 388, 393 [1979]; *People v Lipman,* 254 AD2d 435, 435-436 [1998]; *People v Maddox,* 139 AD2d 597, 598 [1988]; *People v Smalls,* 112 AD2d 173, 175 [1985]; *People v Foti,* 99 AD2d 517 [1984]). Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.