■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CRAWFORD, Appellant. [863 NYS2d 830]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered June 1, 2006, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a detective's testimony consisted of inadmissible hearsay when he referred to a statement by the "victim's family" regarding information "from the streets" is without merit, because the testimony was not offered for its truth (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Smith*, 27 AD3d 242, 243 [2006]). The defendant's remaining contentions regarding alleged hearsay errors are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit (*see People v South*, 47 AD3d 734, 735 [2008]; *People v Bryant*, 39 AD3d 768 [2007]; *People v Algarin*, 15 AD3d 411, 412 [2005]).

The defendant's contention that the same testimony violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rush*, 44 AD3d 799, 800 [2007]) and, in any event, is without merit (*see People v South*, 47 AD3d at 735; *People v Johnson*, 40 AD3d 1011, 1012 [2007]; *People v Bryant*, 39 AD3d 768 [2007]).

The defendant's challenge to the prosecutor's questioning of the defense witness during cross-examination regarding a nontestifying witness' statement to an investigator does not warrant reversal because the trial court's actions were sufficient to avert any substantial prejudice to the defendant (*see People v Daley*, 50 AD3d 1051 [2008]). The defendant's remaining claims of prosecutorial misconduct on summation are unpreserved for appellate review because the defendant either failed to raise any objection, voiced a general objection without specifying the ground therefor, or failed to seek further relief when an objection was sustained or when a curative instruction was provided by the court (*see* CPL 470.05 [2]; *People v Muniz*, 44 AD3d 1074, 1075 [2007]; *People v Billups*, 41 AD3d 492, 493 [2007]). In any event, the challenged portions of the prosecutor's summation constituted fair response to arguments presented in summation by defense counsel, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Applewhite*, 50 AD3d 1046 [2008], *lv denied* 10 NY3d 955 [2008]; *People v Holland*, 45 AD3d 863, 864 [2007]). Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.