■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH O'NEIL, Appellant. [880 NYS2d 90]—Appeal by the defendant from a judgment of the County Court, Nassau County (Ayres, J.), rendered July 13, 2007, convicting him of burglary in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant improperly relies on testimony elicited at trial in support of his contention that the showup procedure at issue here was unduly suggestive. A suppression determination must be based on the evidence before the hearing court, and this Court is precluded from reviewing trial testimony in determining whether the hearing court acted properly (see People v South, 47 AD3d 734, 735 [2008]; People v Andujar, 267 AD2d 467 [1999]; People v Kendrick, 256 AD2d 420 [1998]). Since the defendant did not move to reopen the hearing based on the trial testimony, or move for a mistrial, the defendant's contention in this regard is not properly before this Court (see People v South, 47 AD3d at 735; People v DeBaptiste, 286 AD2d 341 [2001]; People v Andujar, 267 AD2d at 467; People v Kendrick, 256 AD2d at 420).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review. Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur.