■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTEMIO CASTELLANOS, Appellant. [884 NYS2d 126]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Peck, J.), rendered July 10, 2006, convicting him of criminal sexual act in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ayres, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that there was no probable cause to arrest him and that his statements to law enforcement officials were involuntarily made. Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his incriminating statements to law enforcement officials, since the evidence presented by the People demonstrated that the police had probable cause to arrest him (*see* CPL 140.10 [1] [b]; *People v Bigelow,* 66 NY2d 417, 423 [1985]). Moreover, the hearing court properly determined that the defendant's statements to law enforcement officials were voluntarily made after a valid waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]). Although there was a ruse, there was no credible evidence that the detectives threatened or coerced the defendant (*see People v Tarsia,* 67 AD2d 210, 212 [1979], *affd* 50 NY2d 1, 11 [1980]; *People v Francis,* 49 AD3d 552, 552-553 [2008]; *People v Berumen,* 46 AD3d 1019, 1020-1021 [2007]; *People v Knudsen,* 34 AD3d 496, 497 [2006]). The defendant improperly relies upon his own trial testimony in support of his contention that his statements were involuntarily made and the product of threats of physical harm (*see Matter of Felix D.,* 30 AD3d 598, 599 [2006]; *People v Kocowicz,* 281 AD2d 643, 643 [2001]).

To the extent that the defendant contends that the verdict was legally insufficient because the testimony of the victim was

incredible as a matter of law (*see People v Gruttola,* 43 NY2d 116, 122 [1977]), that contention is unpreserved for appellate review, as it was not raised before the County Court (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in determining that the six-year-old complainant was competent to give unsworn testimony. The examination of the child revealed that he knew the difference between telling the truth and telling a lie, promised to tell the truth, and indicated that he would be punished by his mother and by God if he lied (*see* CPL 60.20 [2]; *cf. People v Mendoza,* 49 AD3d 559 [2008]; *People v McIver,* 15 AD3d 677, 678 [2005]).

Nor was the defendant deprived of his right of confrontation when the court curtailed defense counsel's cross-examination of a police detective and the People's medical expert. ''[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony'' (*People v Ashner,* 190 AD2d 238, 247 [1993]). Here, the County Court's ruling was proper in all respects (*see* CPL 260.30 [7]; *People v Harris,* 98 NY2d 452, 489-490 [2002]; *People v Boyce,* 54 AD3d 1052 [2008]).

The County Court properly permitted the victim's father to testify as to the victim's accusations against the defendant and the defendant's response, as those statements were admissible as an admission against interest (*see People v Ragin,* 224 AD2d 642 [1996]; Prince, Richardson on Evidence § 8-251 [Farrell 11th ed]). The defendant contends that the County Court erred in permitting the victim's mother to testify as to the victim's accusations against him. However, any error in permitting that testimony was harmless, as there was overwhelming evidence of

the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.