■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSHEEM MOSS, Appellant. [889 NYS2d 642]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered March 14, 2008, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ayres, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

To the extent the defendant relies on portions of the trial record in support of his contention that a showup identification procedure was unduly suggestive, this Court is precluded from reviewing trial testimony in determining whether the hearing court acted properly (*see People v South*, 47 AD3d 734, 735 [2008]; *People v Kendrick*, 256 AD2d 420 [1998]). The propriety of the hearing court's ruling must be determined only in light of the evidence that was before that court (*see People v Gonzalez*, 55 NY2d 720, 721-722 [1981], *cert denied* 456 US 1010 [1982]; *People v South*, 47 AD3d at 735; *People v Kendrick*, 256 AD2d 420 [1998]). Since the defendant did not seek to reopen the hearing based on the trial testimony, or move for a mistrial, the question of whether the trial testimony undermined the hearing

court's determination with respect to the showup identification procedure is not properly before this Court (*see People v Feinsod*, 278 AD2d 335 [2000]; *People v Kendrick*, 256 AD2d 420 [1998]). In any event, the defendant's contention in this regard is without merit (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 543 [1991]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]; *People v Berry*, 50 AD3d 1047, 1048 [2008]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Florio, Miller and Hall, JJ., concur.