■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIM SEABROOKS, Appellant. [918 NYS2d 797]—

Contrary to the defendant's contention, a review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]; *People v Anderson*, 42 NY2d 35, 38 [1977]) demonstrates that his written statement to the police, which was given after he was informed of, and

waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), was voluntarily made (*see* CPL 60.45 [1]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials was properly denied. The defendant improperly relies on trial testimony in support of his contention that the statement was involuntarily made (*see People v Castellanos*, 65 AD3d 555, 556 [2009]; *People v O'Neil*, 62 AD3d 727 [2009]; *People v Kocowicz*, 281 AD2d 643 [2001]; *People v Andujar*, 267 AD2d 467 [1999]).

We agree with the defendant that the County Court improperly allowed the prosecutor to cross-examine him about facts underlying prior convictions that were similar to the facts underlying the present charge. In its original *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), the County Court ruled that the People could not elicit the facts underlying the prior convictions unless the defendant "opened the door." "[W]hen the defendant or a witness for the defense testifies to facts that are in conflict with the precluded evidence . . . the defense 'opens the door' on the issue in question, and the witness is properly subject to impeachment by the prosecution's use of the otherwise precluded evidence" (*People v Fardan*, 82 NY2d 638, 646 [1993]; *see People v Cooper*, 92 NY2d 968, 969 [1998]; *People v Rodriguez*, 85 NY2d 586, 591 [1995]). Contrary to the County Court's determination, the defendant did not testify to facts in conflict with the precluded evidence, and therefore did not "open the door" to the otherwise precluded evidence. Also contrary to the County Court's conclusion, the evidence was not admissible under the "intent" exception to the *Molineux* rule (*see People v Molineux*, 168 NY 264 [1901]), as the defendant's intent could easily be inferred by the act itself (*see People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Katz*, 209 NY 311, 327-328 [1913]). However, the evidence of the defendant's guilt was overwhelming and there was no significant probability that the error contributed to the defendant's conviction (*see People v Arafet*, 13 NY3d 460, 466-467 [2009]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that he was deprived of a fair trial by the complaining witness's improper conduct and comments while on the witness stand is unpreserved for appellate review and, in any event, without merit. At the defendant's request, the trial court admonished the witness to not make any gestures or faces and to otherwise conduct herself appropriately. In addition, the County Court issued a curative instruction to which the defendant did not object further or take exception.

The curative instruction, therefore, must be deemed to have corrected any errors to the defendant's satisfaction (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Williams*, 46 NY2d 1070, 1071 [1979]; *People v Ketteles*, 62 AD3d 902, 905 [2009]; *People v Smith*, 294 AD2d 454 [2002]).

Contrary to the defendant's contentions, he was not prejudiced by the People's late disclosure of an oral statement the defendant made to the police or of a positive identification made of the defendant, as the People did not intend to offer the evidence at trial and the County Court ruled that it would be suppressed (*cf.* CPL 710.30).

The defendant contends that the County Court committed reversible error in failing to charge the jury that it could consider grand larceny in the fourth degree as a lesser included offense of grand larceny in the third degree. We disagree. In the absence of a request to submit a lesser included offense to the jury, a court's failure to do so does not constitute error (*see* CPL 300.50 [2]). A review of the record indicates that the defendant specifically rejected the County Court's offer to submit the lesser included offense.

Finally, the defendant's contention that his sentence was excessive is without merit, as he received the minimum possible sentence for a second felony offender convicted of a class D felony (*see* Penal Law § 70.06 [3] [d]; [4] [b]). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.