█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TALIYAH TAYLOR, Appellant. [949 NYS2d 209]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered November 13, 2008, convicting her of murder in the second degree (depraved indifference murder), reckless endangerment in the first degree, and operating a motor vehicle while under the influence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of her omnibus motion which was to suppress her statements to law enforcement officials. A review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]; *People v Anderson*, 42 NY2d 35, 38 [1977]) demonstrates that the defendant's statements to the police, which were given after she was informed of, and waived, her *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see* CPL 60.45 [1]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]; *People v Seabrooks*, 82 AD3d 1130, 1130-1131 [2011]). The defendant improperly relies on trial testimony in support of her contention that the statement was involuntarily made (*see People v Castellanos*, 65 AD3d 555, 556 [2009]; *People v O'Neil*, 62 AD3d 727 [2009]; *People v Kocowicz*, 281 AD2d 643 [2001]).

The defendant's contention that the evidence was legally insufficient to support her convictions is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that she was deprived of the constitutional right to the effective assistance of counsel due to, among other things, the defense attorney's failure to present a psychiatric defense. Although the failure to present such a defense appears on the face of the record, the defendant's ineffective assistance claim also depends, in part, upon matter outside the record, including a showing that, as the defendant contends, her attorney failed to review certain tape recordings of telephone conversations between the defendant and potential witnesses, and a showing that defense counsel did not have a "strategic or other legitimate explanation[ ]" for his allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]). Since the defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, she has presented a " 'mixed claim[ ]' of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012], *lv denied* 19 NY3d 960 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Eng, Lott and Miller, JJ., concur.