■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BADIA, Appellant. [14 NYS3d 73]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered April 5, 2012, convicting him of driving while intoxicated per se in violation of Vehicle and Traffic Law § 1192 (2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs in violation of Vehicle and Traffic Law § 1192 (4-a), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Colangelo, J.), of that branch of the defendant's omnibus motion which was to suppress the results of a blood test.

Ordered that the judgment is affirmed.

On January 4, 2010, the defendant lost control of his vehicle while driving southbound on the Sprain Brook Parkway, striking a guardrail, skidding across three lanes of southbound traffic, and colliding with several trees before coming to a stop in the center median. The defendant was subsequently transported to a hospital by emergency medical service personnel, who relayed to a New York State Trooper the noted presence of alcohol on the defendant's breath. At the hospital, the defendant responded to the trooper's inquiries by stating that he had consumed two beers and three Xanax pills. The trooper, who smelled alcohol and noted that the defendant slurred his speech and had glassy, bloodshot, watery eyes, promptly placed the defendant under arrest. Thereafter, the trooper gave a driving while intoxicated (hereinafter DWI) refusal warning (*see* Vehicle and Traffic Law § 1194 [2] [b] [1]), following which the defendant consented to a chemical test of his blood. The trooper also read the defendant his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), which the defendant waived. A nurse drew two vials of blood from the defendant, the laboratory analysis of which revealed a blood alcohol content of .13% and therapeutic levels of benzodiazepines, including Xanax.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress the blood test results. The record reflects that the defendant consented to the blood test while at the hospital after being given his DWI refusal warnings (*see People v Gore*, 117 AD3d 845 [2014]; *People v Mojica*, 62 AD3d 100 [2009]; *People v Bowen*, 229 AD2d 954 [1996]; *People v Challis*, 172 AD2d 552 [1991]). To the extent the defendant relies on portions of the trial record in support of his contention that the blood test results should have been suppressed, this Court is precluded from reviewing trial testimony in determining whether the hearing court acted properly (*see People v Moss*, 67 AD3d 1027 [2009]; *People v Whyte*, 47 AD3d 852, 853 [2008]; *People v Andujar*, 267 AD2d 467 [1999]). The propriety of the hearing court's ruling must be determined only in light of the evidence that was before that court (*see People v Gonzalez*, 55 NY2d 720 [1981]; *People v Andujar*, 267 AD2d at 468). Since the defendant did not seek to reopen the hearing based on the trial testimony, or move for a mistrial, the question of whether the trooper's trial testimony undermined the hearing court's determination is not properly before this Court (*see People v Moss*, 67 AD3d at 1027-1028).

The defendant's contention that his injuries prevented him

from knowingly, voluntarily, and intelligently consenting to the blood test was not raised before the hearing court and, thus, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Heidgen*, 22 NY3d 259, 280 [2013]). In any event, the contention is without merit (*see People v Gore*, 117 AD3d at 846; *see People v Mojica*, 62 AD3d at 114-115; *People v Bowen*, 229 AD2d at 955; *People v Challis*, 172 AD2d 552 [1991]).

The defendant maintains that he was deprived of his right to be present at the *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]). A criminal defendant has the right to be present at all material stages of his trial, including a *Sandoval* hearing (*see People v Dokes*, 79 NY2d 656 [1992]). However, it is equally well settled that a presumption of regularity attaches to all judicial proceedings, and it is the defendant who bears the burden of rebutting that presumption (*see People v Bridgeforth*, 119 AD3d 600 [2014]; *People v Torres*, 267 AD2d 261 [1999]; *People v Washington*, 246 AD2d 676 [1998]). On this record, the defendant has failed to rebut the presumption of regularity, inasmuch as he has not demonstrated that he was, in fact, absent from the *Sandoval* hearing (*see People v Keyes*, 291 AD2d 571 [2002]; *People v Torres*, 267 AD2d at 262; *People v Washington*, 246 AD2d at 677). Indeed, the record indicates that he was present during the hearing.

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.