People v Alleyne (2021 NY Slip Op 02538)





People v Alleyne


2021 NY Slip Op 02538


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-15123

[*1]The People of the State of New York, respondent,
v
Micah Alleyne, appellant. (Ind No. 4634/16)


Mark Diamond, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered September 12, 2018, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 5 to 15 years on the conviction of manslaughter in the second degree, to run consecutively to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, on the conviction of criminal possession of a weapon in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree from a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 7 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
On September 7, 2015, the defendant and his codefendants were involved in a shootout between rival street gangs in front of the Ebbets Field Apartments in the Crown Heights section of Brooklyn during a street festival attended by thousands. An innocent bystander attending the festival with his brother and friends dove for cover in an adjacent parking lot, but was struck in the head by a single stray bullet, which fatally wounded him. At a joint trial of the defendant and his codefendants, the evidence against the defendant consisted mainly of video surveillance footage showing him at the Ebbets Field Apartments for some time prior to, during, and after the shootout, and statements the defendant made to law enforcement officials implicating himself in the incident. After the trial, the defendant was convicted of manslaughter in the second degree and criminal possession of a weapon in the second degree.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements he made to detectives in a patrol car before Miranda warnings were given (see Miranda v Arizona, 384 US 436). Two detectives testified at the suppression hearing that the defendant agreed to accompany them to the precinct, the defendant was not [*2]handcuffed, and the defendant's statements were spontaneous and not the result of interrogation or its functional equivalent (see People v Polancobatista, 155 AD3d 1064, 1064-1065; People v Lopez, 150 AD3d 1266, 1266; People v Jackson, 150 AD3d 1025, 1026). Although at trial, a detective described the defendant's accompanying the detectives to the precinct as "apprehend[ing]" the defendant, that same term was used at the suppression hearing to mean finding the defendant so the detectives could talk to him, not placing the defendant under arrest. In any event, at the trial, the defendant did not ask the court to reopen the suppression hearing. Further, testimony adduced at trial may not be relied upon as a basis to challenge the finding that the statements the defendant made to the detectives in the patrol car before Miranda warnings were given were admissible (see People v Gonzalez, 55 NY2d 720, 721-722; People v Kocowicz, 281 AD2d 643; People v Hucks, 175 AD2d 213, 214).
The defendant's contention that his conviction of criminal possession of a weapon in the second degree was not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was legally sufficient to establish that the defendant knowingly possessed a loaded firearm in violation of Penal Law § 265.03(3). It was also legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on both counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court unlawfully imposed consecutive sentences is without merit. The evidence, which included video surveillance footage and the defendant's statements to the police, supported the conclusion that the defendant possessed a gun for a sufficient period of time before forming the intent to participate in the shootout. Therefore, the conviction of criminal possession of a weapon in the second degree was based on a separate transaction justifying the imposition of consecutive sentences (see People v Malloy, 33 NY3d 1078, 1080; People v Brown, 21 NY3d 739, 751; People v Stephens, 189 AD3d 1270, 1271). However, the sentence imposed on the conviction of criminal possession of a weapon in the second degree was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court