■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES STANLEY, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 14, 1978, convicting him of assault in the second degree, menacing and harassment, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, of certain motions. Judgment reversed, on the law, defendant's omnibus motion granted to the extent that the first three counts of the indictment are directed to be tried separately from the remaining three counts, his oral

motion seeking pretrial disclosure of a written statement given to the District Attorney by defense witness Willie Norton granted, pursuant to CPL 240.20 (subd 1, par [g]) and 240.40 (subd 1, par [a]), and new trials ordered. The first three counts and last three counts of the indictment covered two separate and unrelated incidents on March 10, 1978, in which defendant allegedly engaged in assaultive and threatening behavior with a knife. Although the crimes charged were joinable as the "same or similar in law" (CPL 200.20, subd 2, par [c]; see *People v Lombardi,* 20 NY2d 266, 269; *People v McDowell,* 35 AD2d 611, 612), that part of defendant's motion which was for a severance should have been granted. Separate trials should have been ordered pursuant to CPL 200.20 (subd 3). Both incidents involved drunken arguments and the use of a knife. There was thus demonstrated a strong possibility of a conviction by reason of the cumulative effect of the evidence rather than by its separate and distinct relevance to each incident. (See *People v Forest,* 50 AD2d 260, 262.) Furthermore, it appears that the prior written statement by defense witness Willie Norton contained exculpatory evidence regarding the first three counts of the indictment. It was error, therefore, to have denied pretrial disclosure of this statement. (See *Brady v Maryland,* 373 US 83.) Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.