■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNARD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered December 12, 1986, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of burglary in the second degree arose out of the theft of audio equipment from the basement of an apartment house. The defendant's guilt was established by the uncontradicted testimony of an eyewitness.

On the instant appeal, the defendant argues that the prosecution's remarks during summation deprived him of a fair trial. Specifically, the defendant argues that the prosecution improperly vouched for the credibility of two police officers and the eyewitness.

We disagree with the defendant's argument.

The record indicates that it was the defense which called into question the credibility of the police officers. Under these circumstances, the prosecution's comments during summation with respect to the police officers' credibility were not reversible error *(see, People v Blackman,* 88 AD2d 620; *People v Vaughn,* 136 AD2d 752, *lv denied* 71 NY2d 903). The prosecution's remarks during summation with respect to the credibility of the eyewitness were better left unsaid. However, virtually all of the prosecution's remarks on this issue were not objected to, and, in any event, they do not, standing alone,

warrant reversal of the defendant's conviction *(cf., People v Shanis,* 36 NY2d 697, 699). Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.