■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN STERN, Appellant. [704 NYS2d 569] —Order, Supreme Court, New York County (Frederic Berman, J.), entered January 7, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Alfred Kleiman, J.), rendered January 29, 1990, convicting defendant, after a

jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's motion to vacate judgment was properly denied. The ballistics and serology documents concerning tests conducted on a certain vehicle found two days after the murder of the victim were not *Brady* material (*Brady v Maryland*, 373 US 83) because they were not in the People's possession (*People v Vilardi*, 76 NY2d 67, 73). On the contrary, the documents were in the possession of the Office of the Chief Medical Examiner, which is not a law enforcement agency (*People v Washington*, 86 NY2d 189), and thus possession of the documents at issue cannot be attributed to the People (*People v Wright*, 225 AD2d 430, *lv denied* 88 NY2d 1026). Likewise, there was no violation of the People's disclosure obligations under CPL 240.20 (*supra*). Furthermore, the documents were not exculpatory, and were actually consistent with the prosecution's case. In any event, they did not contradict defendant's tape-recorded admissions that he orchestrated the murder of which he was convicted (*see, People v Stern*, 226 AD2d 238, *lv denied* 88 NY2d 969). Defendant's claim that disclosure of the documents might have led to exculpatory evidence rests entirely on speculation.

The remaining branch of defendant's motion, alleging improper redactions of tape-recorded conversations admitted at defendant's trial and disclosed to him well in advance of trial, are procedurally defective (CPL 440.10 [3] [a], [c]; 440.30 [4]) and without merit. Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.