■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE OLIVER, Appellant. [938 NYS2d 619]—

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, the County Court erred in granting the People's motion to compel the defendant to provide a buccal swab sample for DNA analysis. A court order to obtain such a sample from a suspect " 'may issue provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a "clear indication" that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable' " (*Matter of Marino v Kahn*, 49 AD3d 741 [2008], quoting *Matter of Abe A.*, 56 NY2d 288, 291 [1982]). Here, on their motion the People failed to establish probable cause to believe the defendant committed the burglary at issue. The Assistant District Attorney's affidavit submitted in support of the motion asserted, in a conclusory fashion, that the defendant had injured himself during the commission of the burglary and that blood was recovered at the crime scene without providing further detail or the source of this information. Contrary to the People's contention, the record does not demonstrate that the County Court was presented with additional evidence in support of the motion sufficient to establish probable cause. Under the circumstances of this case, the error in granting the People's motion, and in admitting the evidence concerning the defendant's DNA profile obtained as a result, cannot be deemed harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Moreover, as the defendant contends, his right to confrontation (*see* US Const 6th Amend) was violated at trial. Robert Baumann, a forensic scientist employed by the Suffolk County Crime Laboratory, testified that DNA material recovered from the crime scene was uploaded by his office into a database, that he was informed several days later that the DNA profile from the crime scene matched a profile in that database, and that, approximately two weeks later, "Albany" informed him that the profile in the database that matched the DNA recovered from the crime scene was the defendant's profile. This evidence constituted testimonial hearsay (*see Melendez-Diaz v Massachusetts*, 557 US 305 [2009]; *Crawford v Washington*, 541 US 36 [2004]). The evidence did not, for example, " 'consist[ ] of merely machine-generated graphs' and raw data" (*People v Thompson*, 70 AD3d 866, 866 [2010], quoting *People v Brown*, 13 NY3d 332, 340 [2009]), but instead consisted of information which shed

light on the guilt of the defendant and accused the defendant "by directly linking him . . . to the crime" (*People v Brown*, 13 NY2d at 339-340). The source of this information did not testify at trial, and thus was not subject to cross-examination. The People's contention that this evidence was properly admitted to complete the narrative is without merit. Under the circumstances of this case, this *Crawford* violation cannot be deemed harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d at 237).

The defendant's contentions that his rights under CPL 30.30 and his constitutional speedy trial rights were violated are without merit.

In light of our determination, we need not reach the defendant's remaining contentions. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.