*643 The defendant failed to preserve for appellate review (see CPL 470.05 [2]) his contention that the evidence was legally insufficient to establish that he damaged property with a value in excess of $250 (see Penal Law § 145.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the defendant’s conviction of criminal mischief in the third degree beyond a reasonable doubt (see People v Towsley, 85 AD3d 1549, 1550 [2011]; People v Katovich, 238 AD2d 751, 752 [1997]; People v Dixon, 184 AD2d 725, 726 [1992]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to criminal mischief in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Agron, 106 AD3d 1126, 1128-1129 [2013]). The evidence adduced at trial, including a surveillance video, established that the defendant smashed two security cameras with a hammer until they stopped working. Moreover, sm employee of the company that was responsible for the installation of the security cameras testified that each camera was worth $373.50.
The defendant’s remaining contentions are without merit. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.