■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPHO GONZALEZ, Appellant. [991 NYS2d 340]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered June 13, 2011, convicting him of robbery in the first degree (four counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People correctly concede that the defendant's rights under the Confrontation Clause (*see* US Const, 6th Amend) were violated when the Supreme Court admitted a nontestifying DNA analyst's report directly linking the defendant to a firearm recovered from a codefendant's residence (*see Crawford v Washington*, 541 US 36 [2004]; *People v Brown*, 13 NY3d 332, 338 [2009]; *People v Rawlins*, 10 NY3d 136, 146 [2008]; *People v Oliver*, 92 AD3d 900, 901-902 [2012]; *People v Morrison*, 90 AD3d 1554, 1556-1557 [2011]).

"Confrontation Clause violations are subject to a constitutional harmless error analysis" (*People v Hardy*, 4 NY3d 192, 198 [2005]; *see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Eastman*, 85 NY2d 265, 276 [1995]; *People v Crimmins*, 36 NY2d 230, 240-241 [1975]). "Constitutional error requires reversal unless the error's impact was 'harmless beyond a reasonable doubt' " (*People v Hardy*, 4 NY3d at 198, quoting *People v Eastman*, 85 NY2d at 276; *see Schneble v Florida*, 405 US 427, 430 [1972]). This determination is based on a review of the " 'entire record' " (*People v Hardy*, 4 NY3d at 198, quoting *People v Eastman*, 85 NY2d at 276).

Here, in addition to the erroneously admitted report, the People presented evidence directly linking the defendant to the firearm in question. Specifically, the nontestifying analyst's supervisor explained how she herself analyzed the raw data from the defendant's buccal swab and swabs taken from the firearm, and drew her own conclusions. Thus, because the erroneously admitted report was cumulative, as the expert who did testify reached that same conclusion after comparing the same raw data relied upon by the nontestifying analyst (*see People v Rawlins*, 10 NY3d at 157; *People v Hortiz*, 60 AD3d 692, 693 [2009]), the error was harmless beyond a reasonable doubt (*cf. People v Hardy*, 4 NY3d at 198). Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.