■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR CARTAGENA, Appellant. [7 NYS3d 150]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 17, 2012, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 11 years plus a period of five years of postrelease supervision on the conviction of burglary in the second degree and a definite sentence of incarceration of one year on the conviction of petit larceny, to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the defendant's conviction of burglary in the second degree from a determinate term of imprisonment of 11 years plus a period of five years of postrelease supervision to a determinate term of imprisonment of eight years plus a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant correctly contends that his rights under the Confrontation Clause of the Sixth Amendment were violated when the Supreme Court admitted a nontestifying DNA analyst's report linking the defendant to DNA evidence recovered at the crime scene (*see People v Brown*, 13 NY3d 332, 338 [2009]; *People v Rawlins*, 10 NY3d 136, 146 [2008]; *People v Gonzalez*, 120 AD3d 832, 832 [2014]; *People v Oliver*, 92 AD3d 900, 901-902 [2012]; *People v Morrison*, 90 AD3d 1554, 1556-1557 [2011]; *Crawford v Washington*, 541 US 36 [2004]).

"Confrontation Clause violations are subject to a constitutional harmless error analysis" (*People v Hardy*, 4 NY3d 192, 198 [2005]; *see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Eastman*, 85 NY2d 265, 276 [1995]). "Constitutional error requires reversal unless the error's impact was 'harmless beyond a reasonable doubt' " (*People v Hardy*, 4 NY3d at 198,

quoting *People v Eastman*, 85 NY2d at 276; *see Schneble v Florida*, 405 US 427, 430 [1972]). "This determination is based on a review of the entire record" (*People v Hardy*, 4 NY3d at 198 [internal quotation marks omitted]).

Here, in addition to the erroneously admitted report, the People presented evidence directly linking the defendant to the burglary. Specifically, the nontestifying analyst's supervisor testified that she herself analyzed the raw data from the evidence collected at the crime scene and the DNA collected from the defendant and drew her own conclusions. Thus, the erroneously admitted report was cumulative, as the expert who did testify reached that same conclusion after comparing the same raw data relied upon by the nontestifying analyst. Since there was no reasonable possibility that the erroneously admitted report contributed to the defendant's conviction, the error was harmless beyond a reasonable doubt (*see People v Rawlins*, 10 NY3d at 157; *People v Gonzalez*, 120 AD3d at 833; *People v Hortiz*, 60 AD3d 692, 693 [2009]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is without merit, as the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation, and fair comment upon the evidence (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]).

The sentence imposed was excessive to the extent indicated herein. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.