■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL BORGES, Appellant. [15 NYS3d 378]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered June 21, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in denying his request for substitute counsel since the defendant raised no serious complaint about assigned counsel (*see People v Porto*, 16 NY3d

93, 100-101 [2010]; *People v Ward*, 121 AD3d 1026, 1027 [2014]). Nor did the County Court improvidently exercise its discretion when, on the first day of jury selection, it denied the defendant's request for an adjournment to obtain counsel of his own choosing. The defendant had ample opportunity to retain counsel of his own choosing between this Court's determination on a prior appeal (*see People v Borges*, 90 AD3d 1067 [2011]) and his retrial. Moreover, the defendant failed to demonstrate that the requested adjournment was necessitated by forces beyond his control and was not a delaying tactic (*see People v Campbell*, 54 AD3d 959 [2008]; *People v Grigg*, 299 AD2d 367 [2002]).

The defendant failed to preserve for appellate review his contention that he was deprived of his constitutional right of confrontation when a forensic scientist from the Suffolk County Crime Laboratory testified that he received a "hit" that matched DNA material recovered from the crime scene to a DNA profile of the defendant in the Combined DNA Index System database, commonly known as the CODIS database (*see* CPL 470.05 [2]; *People v Zappulla*, 103 AD3d 759 [2013]). In any event, while the testimony was improperly elicited (*see People v Oliver*, 92 AD3d 900, 901 [2012]), it was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]), since that testimony was cumulative of the forensic scientist's testimony that he generated a DNA profile using a buccal swab from the inside of the defendant's mouth, which matched the DNA material recovered from the crime scene (*see People v Gonzalez*, 120 AD3d 832, 833 [2014]; *cf. People v Oliver*, 92 AD3d at 902).

The defendant's challenge to certain comments the prosecutor made in summation is without merit, as the remarks were either fair comment on the evidence or, to the extent that they were improper, did not deprive the defendant of a fair trial (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Bell*, 126 AD3d 993 [2015]; *People v Fuhrtz*, 115 AD3d 760 [2014]; *People v Winters*, 255 AD2d 408 [1998]).

The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Taylor*, 98 AD3d 593, 594 [2012]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defend-

ant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Taylor*, 98 AD3d at 594; *People v Delancey*, 94 AD3d 1015 [2012]; *People v Maxwell*, 89 AD3d at 1109).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's conviction of grand larceny in the fourth degree following the imposition of his initial sentence in this matter constituted "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" (*North Carolina v Pearce*, 395 US 711, 726 [1969]), appearing affirmatively on the record, that rebuts any presumption of vindictiveness that arose from the enhanced sentence that was imposed upon the defendant's conviction after retrial (*see Wasman v United States*, 468 US 559 [1984]; *see also People v Miller*, 65 NY2d 502 [1985]).

The defendant's remaining contentions are without merit. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.