■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE B. HODGE, Appellant. [19 NYS3d 437]—Appeal by the defendant from a judgment of the County Court, Westchester County (IDV part) (Capeci, J.), rendered April 16, 2012, convicting him of criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance of counsel (*see People v Borges*, 130 AD3d 1057 [2015]; *People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant did not knowingly, voluntarily, or intelligently waive his right to appeal, as the record does not demonstrate that he had a full appreciation of the consequences of such waiver (*see People v Elmer*, 19 NY3d 501, 510 [2012]). Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, raised in his pro se supplemental brief, that he was prejudiced by purported errors in the presentence report is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit. The defendant's remaining contentions raised in his pro se supplemental brief are based upon matter dehors the record (*see People v Roache*, 110 AD3d 776, 777 [2013]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.