■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BECKHAM, Appellant. [36 NYS3d 483]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered December 15, 2011, convicting him of attempted predatory sexual assault, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his discovery requests pursuant to CPL 240.40 for material that was not in the possession or control of the People (*see People v Colavito*, 87 NY2d 423, 428 [1996]; *People v Washington*, 86 NY2d 189, 191-192 [1995]; *People v Wright*, 225 AD2d 430, 433 [1996]). The Supreme Court also properly granted the People's motion to compel the defendant to submit a buccal swab for DNA testing (*see* CPL 240.40 [2] [b] [v]; 240.90; *People v Ruffell*, 55 AD3d 1271, 1272 [2008]; *People v Lewis*, 44 AD3d 422, 422-423 [2007]).

The defendant's right to confrontation (*see* US Const Sixth Amend) was not violated by the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. The criminalist performed her own analysis of the DNA profiles, concluded that there was a DNA match, and issued the final report, which was challenged on cross-examination (*see People v John*, 27 NY3d 294, 315 [2016]; *People v Fernandez*, 115 AD3d 977, 978-979 [2014]).

The defendant's contentions that the prosecutor's opening and summation remarks constituted reversible error are, for the most part, unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Morales*, 87 AD3d 1165, 1166 [2011]). In any event, the prosecutor's remarks were either within the bounds of permissible rhetorical comment, responsive to the defendant's summation, or did not constitute reversible error (*see People v Galloway*, 54 NY3d 396, 401 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Maldonado*, 55 AD3d 626, 628 [2008]; *People v Williams*, 144 AD2d 403 [1988]; *People v Torres*, 121 AD2d 663, 664 [1986]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant's application to strike the complainant's testimony, made after the prosecutor spoke to the complainant during a break in her testimony, regarding the authentication of a recording of a 911 emergency call (*see People v Branch*, 83 NY2d 663, 667-668 [1994]; *People v Pileggi*, 116 AD3d 984, 985 [2014]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.