■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TSINTZELIS, Appellant. [59 NYS3d 741]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered November 20, 2014, convicting him of criminal mischief in the third degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his discovery request pursuant to CPL 240.40 for material that was not in the possession or control of the People (*see People v Beckham*, 142 AD3d 556 [2016]; *People v Robinson*, 53 AD3d 63 [2008]; *People v Stern*, 270 AD2d 118 [2000]).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the defendant's conviction of criminal mischief in the third degree beyond a reasonable doubt (*see People v Tucker*, 113 AD3d 642 [2014]).

The defendant's rights under the Confrontation Clause (*see* US Const Sixth Amend) were violated when the Supreme Court admitted into evidence lab reports from a nontestifying DNA analyst which directly linked the defendant to the crime (*see People v Cartagena*, 126 AD3d 913 [2015]; *People v Gonzalez*, 120 AD3d 832 [2014]; *People v Oliver*, 92 AD3d 900 [2012]).

"Confrontation Clause violations are subject to a constitutional harmless error analysis" (*People v Hardy*, 4 NY3d 192, 198 [2005]; *see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Eastman*, 85 NY2d 265, 276 [1995]; *People v Crimmins*, 36

NY2d 230, 240-241 [1975]). "Constitutional error requires reversal unless the error's impact was 'harmless beyond a reasonable doubt' " (*People v Hardy*, 4 NY3d at 198, quoting *People v Eastman*, 85 NY2d at 276; *see Schneble v Florida*, 405 US 427, 430 [1972]). This determination is based on a review of the " 'entire record' " (*People v Hardy*, 4 NY3d at 198, quoting *People v Eastman*, 85 NY2d at 276). In order for the error to be harmless beyond a reasonable doubt, the evidence of the defendant's guilt must be overwhelming, and there must be "no reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237 [1975]).

Here, apart from the erroneously admitted evidence, the evidence of the defendant's guilt was overwhelming. The People presented evidence directly linking the defendant to the crime. A criminalist employed by the Office of the Chief Medical Examiner of the City of New York testified that she reviewed, and verified the accuracy of, every stage of testing and all of the results of the DNA tests. Thus, the erroneously admitted evidence was cumulative, as the criminalist, who did testify, reached the same conclusion as the nontestifying analyst after comparing the same raw data relied upon by that analyst (*see People v Cartagena*, 126 AD3d 913 [2015]; *People v Gonzalez*, 120 AD3d 832 [2014]). Because the erroneously admitted evidence was cumulative, there was no reasonable possibility that the erroneously admitted evidence contributed to the defendant's conviction, and the error was harmless beyond a reasonable doubt (*cf. People v Hardy*, 4 NY3d at 198). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.