People v Augustus (2018 NY Slip Op 05480)





People v Augustus


2018 NY Slip Op 05480


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2014-02096
 (Ind. No. 9089/12)

[*1]The People of the State of New York, respondent,
v
Tyshawn Augustus, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered February 25, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to controvert a search warrant authorizing the taking of a saliva sample from the defendant and to suppress evidence seized thereunder.
ORDERED that the judgment is reversed, on the law, the defendant's motion to controvert the search warrant and to suppress evidence seized thereunder is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was convicted of murder in the second degree in connection with the shooting death of an individual in Brooklyn in December 2009.
The defendant failed to preserve for appellate review his contention that the Supreme Court erred by allowing prospective jurors who stated that they could not be fair and impartial to opt out of serving on the jury without further inquiry (see CPL 470.05[2]; People v King, 27 NY3d 147, 157; People v Santos, 150 AD3d 1270, 1271; People v Cunningham, 119 AD3d 601). Contrary to the defendant's contention, the excusal of those jurors did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Cunningham, 119 AD3d at 601; People v Casanova, 62 AD3d 88, 91). In any event, the defendant's contention is without merit (see People v Santos, 150 AD3d at 1271).
However, the Supreme Court should have granted the defendant's motion to controvert the search warrant authorizing the taking of a saliva sample from the defendant. "To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place'" (People v Murray, 136 AD3d 714, 714, quoting People v McCulloch, 226 AD2d 848, 849; see People v Paccione, 259 AD2d 563, 564). Here, as the People correctly concede, the affidavit of the detective submitted in support of the search warrant application was conclusory and insufficient to establish probable cause to issue the warrant (see People v Oliver, 92 AD3d 900, 901). The detective stated that he believed [*2]evidence related to the victim's murder may be found in the defendant's saliva based on his interview of witnesses, information supplied to him by fellow police officers, and his review of police department records. However, the detective did not identify the witnesses or indicate what information he obtained from them, and did not specify what police department records he reviewed, or what information was contained in the records. Contrary to the People's contention, under the circumstances of this case, the error in denying the defendant's motion, and in admitting the evidence concerning the defendant's DNA profile obtained as a result, cannot be deemed harmless (see People v Crimmins, 36 NY2d 230, 240-241; People v Oliver, 92 AD3d at 901). Accordingly, the judgment of conviction must be reversed, and a new trial ordered.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court