People v Velez (2018 NY Slip Op 05707)





People v Velez


2018 NY Slip Op 05707


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2014-09698
 (Ind. No. 1333/13)

[*1]The People of the State of New York, respondent,
v
Jose Velez, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered September 16, 2014, convicting him of burglary in the second degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his discovery request pursuant to CPL 240.40 for material that was not in the possession or control of the People (see People v Tsintzelis, 153 AD3d 558; People v Beckham, 142 AD3d 556).
The defendant's contention that the testimony of an analyst from the Office of the Chief Medical Examiner violated his Sixth Amendment right to confrontation is without merit. The analyst testified that she independently established that the odds of finding the DNA profile generated from blood found at the crime scene, which matched the DNA profile generated from a swab taken from the defendant, in the general population would be "one in greater than 6.8 trillion" (see People v John, 27 NY3d 294, 315; People v Evans, 157 AD3d 716, 717). Thus, the analyst did not act "as a conduit for the conclusions of others," and the defendant's right to confront the witnesses against him was not violated (People v John, 27 NY3d at 315; see People v Evans, 157 AD3d at 717).
The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during his summation is unpreserved for appellate review (see CPL 470.05[2]; People v Nuccie, 57 NY2d 818; People v Nunez, 82 AD3d 1128, 1129). In any event, to the extent that some of the prosecutor's remarks were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242; People v Mairena, 160 AD3d 986, 988; People v Roscher, 114 AD3d 812, 813).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court