People v Martinez (2018 NY Slip Op 07329)





People v Martinez


2018 NY Slip Op 07329


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-12668

[*1]The People of the State of New York, respondent,
v
Adelby Martinez, appellant. (Ind. Nos. 8114/13, 7185/14)


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered December 9, 2015, convicting him of burglary in the second degree (four counts), petit larceny (four counts), and criminal trespass in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the People's motion to consolidate Indictment No. 8114/13 with Indictment No. 7185/14 for the purposes of trial is denied, and new trials are ordered on the separate indictments.
In two separate indictments, the defendant was charged with four counts of burglary in the second degree and related charges, pertaining to four separate home burglaries in Brooklyn. The Supreme Court granted the People's motion to consolidate the indictments for trial. Following a jury trial, the defendant was convicted of all submitted charges.
The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the crimes related to 158 Miller Avenue is unpreserved for appellate review, as he did not specify this ground in support of his motion to dismiss at trial (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that his rights under the Confrontation Clause of the Sixth Amendment were violated when the Supreme Court admitted a nontestifying DNA analyst's report linking him to DNA evidence recovered at one crime scene is unpreserved for appellate review (see CPL 470.05[2]). In any event, while admission of the DNA report violated the defendant's Confrontation Clause rights (see People v Austin, 30 NY3d 98, 104; People v Brown, 13 NY3d 332, 338; see also Crawford v Washington, 541 US 36, 53-54), the error was harmless beyond a [*2]reasonable doubt (see People v Hardy, 4 NY3d 192, 198). The DNA analyst who testified at the trial had analyzed the raw data from the evidence collected at the crime scene and the DNA collected from the defendant and reached his own conclusions (see People v Austin, 30 NY3d at 104). Thus, the erroneously admitted report was cumulative, as the expert who testified reached the same conclusion after analyzing the raw data (see People v Rawlins, 10 NY3d 136, 156; People v Cartagena, 126 AD3d 913, 913; People v Gonzalez, 120 AD3d 832, 832).
Nevertheless, as the People correctly concede, the judgment of conviction should be reversed and a new trial ordered based on the Supreme Court's error in denying the defendant's for-cause challenge to a prospective juror on the ground that he evinced "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Chambers, 97 NY2d 417, 419; see People v Bludson, 97 NY2d 644, 645; People v Arnold, 96 NY2d 358, 362; People v Hayes, 61 AD3d 992, 992-993). Here, the prospective juror indicated that, given his experience in an area prone to crime, it was a "legitimate question" whether he could be fair to the defendant and the prospective juror was not sure whether he could be fair. The prospective juror's initial response was not rehabilitated by his collective response with the rest of the prospective jurors that he could be open, fair, and impartial (see People v Hutthinson, 150 AD3d 887, 888-889). "[N]othing less than a personal, unequivocal assurance of impartiality can cure a juror's prior indication" of predisposition against a defendant (People v Arnold, 96 NY2d at 364).
Since the defendant subsequently exercised a peremptory challenge to remove the prospective juror and later exhausted his allotment of peremptory challenges, the conviction should be reversed and a new trial ordered (see CPL 270.20[2]; People v Bludson, 97 NY2d at 645-646; People v Hayes, 61 AD3d at 993).
Moreover, we agree with the defendant that the Supreme Court improvidently exercised its discretion in granting the People's motion to consolidate Indictment No. 8114/13 with Indictment No. 7185/14 for the purposes of trial. The offenses were properly joinable, as they were defined by the same or similar statutory provisions (see CPL 200.20[2][c]). Where, as here, the offenses were not part of the same criminal transaction, the determination of a consolidation application is discretionary, with the court weighing "the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from unfair disadvantage" (People v Lane, 56 NY2d 1, 8; see CPL 200.20[5]). " [I]n all cases a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses'" (People v Dean, 1 AD3d 446, 448, quoting People v Mahboubian, 74 NY2d 174, 183). However, "compromise of a defendant's fundamental right to a fair trial free of undue prejudice as the quid pro quo for the mere expeditious disposition of criminal cases will not be tolerated" (People v Lane, 56 NY2d at 8).
Here, there was a substantial disparity in the evidence tying the defendant to the offenses contained in the separate indictments, which presented a strong possibility that the jury convicted the defendant of the offenses charged in Indictment No. 8114/13 by reason of the cumulative effect of the evidence (see People v Daniels, 216 AD2d 639, 640; People v Stanley, 81 AD2d 842, 843; cf. People v Simpkins, 110 AD2d 790, 792). Furthermore, separate trials would not have resulted in the duplication of evidence (cf. People v Cromwell, 99 AD3d 1017). Accordingly, the Supreme Court should have denied the People's consolidation motion, and the indictments should be tried separately upon remittitur.
In light of our determination, the defendant's challenge to the sentence imposed has been rendered academic.
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court