People v Lebron (2019 NY Slip Op 02899)





People v Lebron


2019 NY Slip Op 02899


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-08483
2015-08485

[*1]The People of the State of New York, respondent,
v
Julio Lebron, appellant. (Ind. Nos. 1733/14, 791/14)


Paul Skip Laisure, New York, NY (Tammy E. Linn and William Kastin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Daniel Lewis, J.), both rendered August 17, 2015, convicting him of burglary in the second degree (two counts), criminal trespass in the second degree, criminal mischief in the fourth degree (two counts), and petit larceny (two counts) under Indictment No. 791/14, and burglary in the second degree and petit larceny under Indictment No. 1733/14, upon jury verdicts, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that the evidence was legally insufficient to support his convictions because that the People failed to prove his identity as the perpetrator of the burglaries and related crimes in this case. However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of all of the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his discovery requests pursuant to CPL 240.40 for material that was not in the possession or control of the People (see People v Colavito, 87 NY2d 423, 428; People v Washington, 86 NY2d 189, 191-193; People v Beckham, 142 AD3d 556).
The defendant's right to confrontation (see US Const Sixth Amend) was not violated by the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. The criminalist performed his own analysis of certain DNA profiles, concluded that there was a DNA match, and issued the final report, which was challenged on cross-examination (see [*2]People v Pascall, 164 AD3d 1265, 1266; People v Henderson, 142 AD3d 1104, 1105; People v Beckham, 142 AD3d 556). The criminalist's testimony regarding his review and analysis of the case files indicated that he independently analyzed the raw data, rather than functioned as " a conduit for the conclusions of others'" (People v Austin, 30 NY3d 98, 105, quoting People v John, 27 NY3d 294, 315).
The Supreme Court providently exercised its discretion in precluding expert testimony on the issue of eyewitness reliability because the proposed testimony was not relevant to the specific circumstances of this case (see People v Allen, 53 AD3d 582, 583-584, affd 13 NY3d 251; see also People v Rosario, 100 AD3d 660, 661; see generally People v LeGrand, 8 NY3d 449, 452).
The defendant's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court