People v Jackson (2020 NY Slip Op 01081)





People v Jackson


2020 NY Slip Op 01081


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01432
 (Ind. No. 3580/15)

[*1]The People of the State of New York, respondent,
v
Daryl Jackson, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered January 9, 2017, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of 19 years to life.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from an indeterminate term of imprisonment of 19 years to life to an indeterminate term of imprisonment of 16 years to life; as so modified, the judgment is affirmed.
The defendant's right to confrontation (see US Const Sixth Amend) was not violated by the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. The criminalist's testimony established that she used her own independent analysis on the raw data, and did not merely function as "a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see People v Austin, 30 NY3d 98, 105; People v Castro, 149 AD3d 862, 865; People v Beckham, 142 AD3d 556).
There is no merit to the defendant's contention that the judgment of conviction should be reversed because the People failed to timely disclose a recording of an incriminating telephone call which the defendant placed from jail. The People disclosed the recordings and a transcript of the calls they intended to use prior to the commencement of the trial and the record does not support the defendant's contention that, had his counsel been aware of the recording sooner, a different strategy would have been pursued at trial (cf. People v Kelley, 19 NY3d 887, 889-890; People v Thompson, 71 NY2d 918, 919-920). Likewise, there is no reasonable possibility that earlier disclosure of the material might have led to a different outcome of the trial (see People v Belgrave, 51 AD3d 939; People v Johnstone, 131 AD2d 782, 783).
The sentence imposed was excessive to the extent indicated herein.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court