# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 17
The People &c.,
  Respondent,
   v.
George Tsintzelis,
  Appellant.
-------------------------------
No. 18
The People &c.,
  Respondent,
   v.
Jose Velez,
  Appellant.


For Case No. 17:
Tomoeh Murakami Tse, for appellant.
Christopher J. Blira-Koessler, for respondent.

For Case No. 18:
Yvonne Shivers, for appellant.
Christopher J. Blira-Koessler, for respondent.

MEMORANDUM:

In each case the order of the Appellate Division should be reversed and a new trial ordered.

In People v John, we held that, when confronted with testimonial DNA evidence at trial, a defendant is entitled to cross-examine "an analyst who witnessed, performed or supervised the generation of defendant's DNA profile, or who used his or her independent analysis on the raw data" (27 NY3d 294, 315 [2016]).  In People v Austin, we reiterated that a testifying analyst who did not participate in the generation of a testimonial DNA profile satisfies the Confrontation Clause's requirements only if the analyst "used his or her independent analysis on the raw data to arrive at his or her own conclusions" (30 NY3d 98, 105 [2017] [quotations omitted]).  The records before us do not establish that the testifying analyst had such a role in either case.  Accordingly, because the analyst's hearsay testimony as to the DNA profiles developed from the post-arrest buccal swabs "easily satisfies the primary purpose test" for determining whether evidence is testimonial (see id. at 103), we conclude that her testimony and the admission of those DNA profiles into evidence, over defendants' objections, violated defendants' confrontation rights.[1]

These errors are not harmless.  In both cases, the People relied solely on the evidence of the DNA profile generated from the post-arrest buccal swabs to prove defendants' guilt at trial (see id. at 104).[2]

---

[1] The trial record in each of these cases was made prior to this Court's guidance in John, and they are therefore particularly poor vehicles for commenting on the "People's burden to present the proper witnesses and elicit the proper testimony" from the relevant analysts or for delving into the Forensic Biology files, entered into evidence without comment or explanation. The cases similarly present no occasion to chastise the People for purportedly "defer[ring] to assumptions or precedent" (see concurring op at 3) by failing to anticipate John's requirements.

[2] Given our disposition of these appeals and the intervening changes in New York's criminal discovery laws (see CPL 245.20; see also id. 245.60), we need not address

defendants' remaining contentions including that they were wrongly denied discovery of the raw DNA data under former CPL 240.20.

People v George Tsintzelis, People v Jose Velez

Nos. 17 & 18

RIVERA, J. (concurring):

I concur that the Appellate Division should be reversed because the analyst's respective testimony violated the Confrontation Clause rights of each defendant. In both appeals, the analyst failed to identify the stages of testing with which she was directly

involved or the extent of her independent analysis on the raw data generated from the DNA

testing.  Given the analyst's limited participation in the testing, it was necessary for her to

clarify which stages of testing she actually performed and her overall role in the process as

a predicate to determining whether she was an "analyst with the requisite personal

knowledge" (People v John, 27 NY3d 294, 313 [2016]).  Her testimony fell short of that

constitutional threshold.

The analyst only stated that she visually compared the DNA profiles generated from

the defendants' buccal swabs with the respective profiles generated from the crime scene

evidence and that she is charged with reviewing each portion of testing prior to approving

or finalizing a testing determination.[1]  Notably, the analyst did not state what "reviewing"

testing practically entailed.  This thin testimony failed to establish that the testifying analyst

was "an analyst who witnessed, performed or supervised the generation of defendant's

DNA profile, or who used his or her independent analysis on the raw data," as is required

by the Confrontation Clause (John, 27 NY3d at315).

The People argue that the information in the admitted Forensic Biology (FB) files—

specifically the listing of the analyst's name as a "reviewer" or "analyst" on some testing

reports and the appearance of the analyst's initials on each page of the FB files—suffices

to show the analyst's critical role in generating the defendants' DNA profiles and

independent analysis of the raw data.  However, the contents of the FB files belie the

---

[1] In People v Tsintzelis, the analyst stated that she must "go through each and every testing
technique to ensure that everything did pass" in order for her to "sign off on the case file
or the report." In People v Velez, she said, "[i]n order to make a determination, I need to
review each and every portion of the testing that did occur in this case."

People's claims, as the testifying analyst's name does not appear as a "reviewer" or "analyst" at all on several documents related to the final stages of DNA typing, including electrophoresis, editing and control review, for both defendants' buccal swab samples. More importantly, the listing of the analyst's name or initials on any FB file document, including as a "Reviewer," is meaningless without testimony about what such a designation means. It is the People's burden to present the proper witnesses and elicit the proper testimony from such testifying analysts that establishes their role in testing; the People may not defer to assumptions or precedent in fulfilling this obligation (see Bullcoming v New Mexico, 564 US 647, 666 [2011]; John, 27 NY3d at 303-305, 312-14; see also People v Brown, 13 NY3d 332, 337-38, 340 [2009]).[2]  Indeed, in People v Austin, the testifying

---

[2] The majority comment on this concurrence is a poor distraction.  The majority does not take issue with my description of the analyst's testimony, as it cannot since the Court is unanimous that the testimony is insufficient.  Instead, the majority remarks that the cases "are particularly poor vehicles for commenting" on the obligations the prosecution bears under our case law because "the trial record in each of these cases was made prior to this Court's guidance in John" (majority mem at 2 n 1).  That might be an interesting side point if not for the fact that in the appeals, the People have made incorrect arguments about the sufficiency of thin analyst testimony and FB files, in part based on their misunderstanding of John.  Further, the Appellate Division decided both cases after John (see 27 NY3d 294; People v Tsintzelis, 153 AD3d 558; People v Velez, 164 AD3d 622), and People v Velez was decided after Austin (see 30 NY3d 98; People v Velez, 164 AD3d 622).  In People v Velez, the Appellate Division explicitly relied on John for its erroneous decision (164 AD3d at 622).  The majority also states that "delving into the [FB] files" is unwarranted (majority mem at 2 n 1).  Notwithstanding how the FB files were indeed "entered into evidence without comment or explanation" (majority mem at 2 n 1), the People argued in these appeals that the FB files could serve to show how the analyst was qualified to testify under John, signaling that there remains some confusion about what level of evidence in the record is necessary to show that a testifying analyst was indeed an "analyst with the requisite personal knowledge" (John, 27 NY3d at 313).  For these reasons, clarification of what type of witnesses, testimony and evidence suffice to meet a defendant's Confrontation Clause rights is warranted in these appeals and for future guidance.

OCME criminalist's "name appear[ed] on some of the laboratory reports" but "he testified that he did not perform the laboratory testing on those samples," exemplifying the deficiencies in blindly deferring to assumptions or even precedent (30 NY3d 98, 102-103 [2017]). I agree with the majority that this error was not harmless on the facts of these respective appeals (majority mem at 2).

Accordingly, the Appellate Division in People v Tsintzelis should be reversed because although the court concluded that the admission of the FB files through the analyst's testimony violated defendant Tsintzelis's confrontation rights, the court incorrectly found the error was harmless because the FB files were cumulative of the analyst's testimony. In People v Velez, the Appellate Division should be reversed as the court misinterpreted our holding in John and erroneously held there was no violation.[3]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

For Nos. 17 & 18: Order reversed and a new trial ordered, in a memorandum. Chief Judge DiFiore and Judges Stein, Fahey, Garcia, Wilson and Feinman concur. Judge Rivera concurs in result in an opinion in which Judge Wilson concurs.

Decided March 24, 2020

---

[3] I too conclude that we need not reach defendants' contention that they were wrongly denied discovery of the raw electronic DNA data under former CPL 240.20 (majority mem at 3 n 2). The automatic discovery statute enacted during the pendency of these appeals applies in future proceedings against these defendants (see CPL 245.20).