People v Santiago (2021 NY Slip Op 00130)





People v Santiago


2021 NY Slip Op 00130


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Ind No. 1886/12 Appeal No. 12865 Case No. 2015-01259 

[*1]The People of the State of New York, Respondent,
v
James Santiago, Defendant-Appellant. 


David K. Bertan, Bronx, for appellant.
Darcel D. Clark, District Attorney, Bronx (Julia L. Chariott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Michael A. Gross, J. at severance motion; John S. Moore, J. at reargument motion; April A. Newbauer, J. at jury trial and sentencing), rendered December 11, 2014, convicting defendant of leaving the scene of an incident without reporting and driving while ability impaired, and sentencing him to an aggregate term of six months, with five years' probation and a $500 fine, unanimously reversed, on the law and the case remanded for new trials.
Defendant's motion to sever the trials of the two counts of which he was convicted should have been granted. The conviction for leaving the scene of an incident without reporting (Vehicle and Traffic Law [VTL] §600[2][a]) occurred on a different date and was based upon a different set of facts than the conviction for driving while impaired (DWI) (VTL 1192[3]).
Offenses are joinable even though they are based on different criminal transactions if proof of one offense would be material and admissible as evidence in chief upon a trial of the other offense or the offenses are defined by the same or similar statutory provisions (CPL 200.20[2][b], [c]). Severance of counts contained in a single indictment should be granted when a defendant shows that the counts were not joinable under the statutory criteria (People v Lane, 56 NY2d 1, 7 [1982]; CPL 200.20[2][b]).
At bar, none of the proof necessary for each offense was material to the other. The facts underlying defendant's conviction for leaving the scene of an accident stemmed from a September 4, 2011 incident. The victim was lying on the road of the Henry Hudson Parkway. After other drivers stopped to try and pull the victim out of the road, a dark Acura ran him over and continued driving without stopping. The victim was pronounced dead at the scene. There was video footage and still pictures from the toll plaza that showed the cars of the drivers who stopped to help, followed immediately by the dark Acura. The footage showed images of the cars, their drivers and their respective license plates. Defendant was the registered owner of the dark Acura.
The DWI conviction was based on an incident that occurred four months later, on January 15, 2012. At that time, defendant was observed by police officers weaving in and out of his lane and driving 85 mph in a 50-mph zone. The officer who arrested defendant for the DWI was permitted to testify relative to the charge of leaving the scene that he recognized the vehicle and driver in the video and stills taken on September 4, 2011 as the same vehicle and person he stopped on January 15, 2012.
The People argue that evidence of the DWI arrest was material and admissible regarding the leaving the scene charge because the DWI arresting officer's testimony was necessary to establish the strength of defendant's identification in the charge for leaving the scene. We disagree.
The witnesses, locations, and dates of the two crimes were completely unrelated. The People did not need the arresting officer in the DWI charge to identify defendant in video and stills, which were only part of the earlier investigation. While certain evidence may be material and admissible to prove a defendant's identity in joint trials (see e.g. People v West, 160 AD2d 301 [1st Dept 1990] [separate offenses charged in the indictment were joinable where evidence showed unique modus operandi], lv denied 76 NY2d 798 [1990]), that was not the case here. The images could have been presented directly to the jury for them to determine if defendant was the same person depicted therein. Significantly, there were no claims made by the People that by the time of trial defendant had changed his appearance and the officer was more likely to correctly identify the person depicted in the images than was the jury (People v Coleman, 78 AD3d 457, 458 [1st Dept 2010], lv denied 16 NY3d 829 [2011]).
The court's error was not harmless (People v Crimmins, 36 NY2d 230, 242 [1975]). Although the court instructed the jury to consider the evidence separately, defendant was prejudiced by the jury's hearing testimony that defendant was drunk and driving at high speeds on a separate occasion. The evidence of recklessness in that DWI conviction bore upon his conduct in leaving the scene and failing to stop after running over the victim on September 4, 2011. There is a significant possibility that the cumulative effect of the DWI evidence led the jury to convict on the leaving the scene
count (see People v Stanley, 81 AD2d 842, 843 [2d Dept 1981]).
The verdicts were based on legally sufficient evidence and were not against the weight of the evidence
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021